## *In re* POPPER.

*(Circuit Court, S. D. New York. October 13, 1891.)*

CUSTOMS DUTIES—MANUFACTURED ARTICLES—PIECES OF BEVELED GLASS.

A decision of the board of appraisers that small squares, triangles, and circles of glass, the squares from 2½x2½ to 4x4, and the circles from 5 to 6 inches in diameter, with edges beveled and polished, are dutiable at 45 per cent. *ad valorem* as "articles of glass cut," under Act Cong. March 3, 1883, (Tariff Ind. New, par. 135,) rather than at 3 cents per square foot, as "cast polished plate-glass, unsilvered," not exceeding 10x15 inches square, under Tariff Ind. New, par. 140, of said act, will not be disturbed, although the bevel was produced by abrasion, rather than by cutting with a sharp instrument, it appearing that in the trade of the glass cutter the word "cutting" is frequently used to denote a process which in popular language would more properly be styled "grinding" or "abrading."

At Law. Extract from the report of district attorney:

"The proceeding was an application by the importers for a review by the circuit court of a decision of the board of United States general appraisers, delivered on the 13th of February, 1891, affirming the decision of the collector on the classification of certain merchandise, * * * which merchandise was classified for duty by the collector as 'articles of glass cut,' and duty assessed thereon at the rate of 45 per cent. *ad valorem*, under the provisions of Tariff Ind. New, par. 135. (Tariff Act March 3, 1883.) Against this classification the importers protested, claiming that the merchandise was dutiable at three cents per square foot as 'cast polished plate-glass, unsilvered,' not exceeding 10x15 inches square, under Tariff Ind. New, par. 140, of said tariff act, and, if not so dutiable, then at four cents per square foot, under Tariff Ind. New, par. 141, of said act, as 'looking-glass plates.' The importers

abandoned their contention under the last head, and stood upon their claim that the merchandise was dutiable under Tariff Ind. New, par. 140. * * * It appeared that the merchandise in this present proceeding consisted of small squares, triangles, and circles, varying in size, the squares up to 4x4 inches, the half squares or triangles from $2\frac{1}{3}$x$2\frac{1}{2}$ up to 4x4, and the circles from 5 inches up to 6 inches in diameter. These articles were made from polished plate-glass, and all of them beveled as to their edges with a bevel of from 5-8 to one inch in width, polished. It appeared by the evidence that they were a finished article, as bought and sold in the trade of this country."

*Comstock & Brown*, for appellant.
*James T. Van Rensselaer*, for the United States.

LACOMBE, Circuit Judge. As to the proposition advanced that the articles in question are dutiable under paragraph 140, rather than under paragraph 135, for the reason that paragraph 140 is denominative and paragraph 135 descriptive, I am unable to assent to the views of the plaintiff, because it seems to me that paragraph 140 is not truly denominative, but in fact descriptive. Referring to glass in the form of plate which has been cast, which has been polished, and which has not been silvered, it is not, in my judgment, the equivalent of such a term as "handkerchiefs," which was found by the supreme court in the *Glendinning Case*, 10 Sup. Ct. Rep. 44, to be a denominative term, and to take precedence of the mere descriptive phrase. It is claimed by the collector that these are dutiable as articles of glass cut. The testimony here shows that the bevel upon the glass was produced by a process of abrasion. Such operation is not "cutting," in the ordinary sense of the word, as found in the dictionaries. There has been neither section nor incision by a cutting instrument,—a sharp-edged instrument. Still the board of appraisers have found and returned that the beveled edges were produced by cutting, and without going into a discussion of its details, I do not think that the testimony, as a whole, will warrant the court in reversing their decision, there being sufficient in it to warrant the inference that in the trade of the glass cutter the word "cutting" is frequently used as descriptive of a process which would be more accurately described in common speech as "grinding" or "abrading." For these reasons the decision of the board of appraisers is affirmed.